NUMBER 13-00-374-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


__________________________________________________________________


AMADOR CHARLES
, Appellant,


v.



THE STATE OF TEXAS, Appellee.

__________________________________________________________________


On appeal from the 28th District Court 


of Nueces County, Texas.


___________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Hinojosa and Kennedy(1)

Opinion Per Curiam



 Appellant, AMADOR CHARLES, attempted to perfect an appeal
from a judgment entered by the 28th District Court of Nueces County,
Texas. Sentence in this cause was imposed on January 31, 2000. A
timely motion for new trial was filed on March 1, 2000. The notice of
appeal was due to be filed on May 1, 2000, but was not filed until June
13, 2000. Said notice of appeal is untimely filed. Pursuant to Tex. R.
App. P. 37.1, notice of this defect was given so steps could be taken to
correct the defect, if it could be done. To date, no response has been
received from appellant.

 Tex. R. App. P. 26.3 provides that the court of appeals may grant
an extension of time for filing notice of appeal if such notice is filed
within fifteen days of the last day allowed and within the same period
a motion is filed in the court of appeals reasonably explaining the need
for such extension. Appellant failed to file his notice of appeal and a
motion requesting an extension of time within such period. 

 The Court, having considered the documents on file and
appellant's failure to timely perfect his appeal, is of the opinion that the
appeal should be dismissed for want of jurisdiction. The appeal is
hereby DISMISSED FOR WANT OF JURISDICTION.

 PER CURIAM

Do not publish.

Tex. R. App. P. 47.3.

Opinion delivered and filed this

the 27th day of July, 2000.


1. Retired Justice Noah Kennedy assigned to this Court by the Chief Justice of the Supreme
Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1998).